UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-114-RJC

| | |
|---|---|
| AMUN USIR ALI-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RICHARD B. REESE; DAVID M. SUSSMAN; ) | |
| JASON D. REEVES; LESLEY A. MACE; ) | |
| CASSET T. DOWELL ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n. 4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff"). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an

1

initial review of Plaintiff's Complaint and has determined that it must be dismissed because Plaintiff has failed to state a cognizable claim for relief.

Plaintiff contends that on March 26, 2008, during a traffic stop for failure to wear a seat belt, Defendants used excessive force during his arrest by pulling and pushing on him to get him out of the car. Plaintiff further contends that Defendant Dowell used his taser on Plaintiff while in the car and again once he had been physically removed from the vehicle. (Doc. No. 1 at 3).

By way of relief, Plaintiff asks that the Defendants be relieved of their duties; that each compensate him $100,000.00; and that Charlotte Mecklenburg Police Department compensate him $500,000.00 for the injuries he suffered from Defendants' use of excessive force. (Id.).

Claims of excessive force during arrest are governed by the Fourth Amendment and are analyzed under an "objective reasonableness" standard. Graham v. Conner, 490 U.S. 386, 395-96 (1989). "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carried with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. Determining whether the force used was reasonable requires the Court to weigh "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. Factors relevant to the determination include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." Id. "[T]he question is whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to the underlying intent or motivation." Id. at 397 (internal citations omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396.

"[T]o survive scrutiny under §§ 1915A(b)(1) . . . , 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (applying the Iqbal pleading standard to 1915A(b)(1) review). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Here, the undersigned presided over Plaintiff's criminal case stemming from the March 26, 2008, traffic stop in which a jury convicted Plaintiff of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:09cr12, Doc. No. 33). During the case, in connection with a suppression hearing, this Court specifically concluded that:

> I find that the Government has met its burden of establishing that there was sufficient cause to stop the defendant's vehicle for the violation of not wearing a seat belt.
>
> That the officers were legitimately conducting a stop, concerning that infraction. At which time questions were asked of the defendant. The defendant produced a driver's license and a registration, but refused to get out of his car.
>
> The officers, upon making a proper traffic stop, were legitimately within their duties to ask the defendant to get out of the car. His refusal to get out, his refusal to get off the cell phone, created sufficient probable cause for the officers to arrest the defendant for resisting arrest and obstructing their inquiry.
>
> In the process of trying to pull the defendant out of the car, once the defendant refused to get out of the car, Officer Reece observed in plain view, a black handgun that was wedged in between the seat and the console.
>
> That at the time that he observed the gun, he was lawfully in a place where he was

3

conducting a lawful arrest , and therefore there is no grounds to suppress the seizure of the weapon.

(Case No. 3:09cr12, Doc. No. 68 at 26).

The undersigned also stated to the jury while instructing the jury on the law:

The defendant has raised the issue of whether the police officers have acted lawfully, and in compliance with the constitution in their interaction with him.

This Court has previously held as a matter of law, that the officers in the case had authority to physically remove the defendant from his car when he refused to comply with their instructions to get out of the car.[1]

While determining the credibility of witnesses is within your role as judges of the facts, determining the constitutionality of police conduct is within the role of the Court as judge of the law.

(Id., Doc. No. 68 at 42).

During his criminal case, of which the Court takes judicial notice, this Court considered Petitioner's allegations that the police violated the Constitution in their interaction with him during the traffic stop, which included physical force and the use of a taser to remove him from his vehicle, and determined that the police had acted lawfully. (Id.). This Court specifically concluded, on the same facts as alleged in the current Complaint, that the police did not violate the Constitution when they forcefully removed Plaintiff from his vehicle. Therefore, Plaintiff's claim that the police officers used excessive force against him when they removed him from his vehicle on March 26, 2008, is dismissed.[2]

---

[1] In making this determination, the Court considered Plaintiff's allegations of physical force, including the use of a taser. (Case No. 3:09cr12, Doc. No. 62 at 4-5; Doc. No. 68 at 15-18).

[2] The Court notes that generally principles of res judicata and collateral estoppel apply to § 1983 actions, Allen v. McCurry, 449 U.S. 90, 105 (1980), and the affirmative defense may, in certain circumstances, be raised by the court sua sponte. Erline Co. S.A. v Johnson, 440 F.3d 648 (4th Cir. 2006). Therefore, to the extent that Plaintiff's claim that the police officers used

4

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is Dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

excessive force against him when they removed him from his vehicle on March 26, 2008, is precluded under the doctrine of collateral estoppel, Plaintiff's Complaint would also be subject to dismissal on this basis. See <u>Amr v. Moore, 2010 WL3154575 (E.D. Va. June 21, 2010).</u>